Jennifer Limbo, Esq. (CA Bar No. 266667)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194
jcl@consumercounselgroup.com

Attorney for Plaintiff

FILED

2012 MAY -2  AM 10: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMIR GOLDSTEIN,                          )   CASE NO.: **CV12-3793-JC**
                                         )
                    Plaintiff,           )
                                         )
        v.                               )
                                         )   COMPLAINT FOR DAMAGES
GREAT LAKES EDUCATIONAL                  )
LOAN SERVICES, INC. D/B/A                )
EDUCATIONAL LOAN GROUP and               )
DOES  1 through 10, inclusive,           )
                                         )
                    Defendant.           )

        Plaintiff, by and through his attorney, Jennifer Limbo, Esq., as and for his complaint

against the Defendant GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. D/B/A

EDUCATIONAL LOAN GROUP alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et*

*seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive,

deceptive and unfair practices, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA") and the California Business and Professions Code § 17200 *et seq.*

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California.

3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) and/or a furnisher of credit as defined by 15 U.S.C. § 1681a, with its executive office and principal place of business in Madison, Wisconsin.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the Defendant conducts business, the nature of which subjects the corporation to jurisdiction in this district and the transactions that give rise to this action occurred, in substantial part, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff as a student loan(s) dating back to 2001.

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was consolidated, referred and/or assigned to the Defendant for collection.

8. That on or about January 1, 2010, the Defendant contacted the Plaintiff indicating that the deferment period had ended and that payment of the account would begin.

9. That Defendant's agents advised that they would be sending a package in the mail that included a coupon booklet with monthly pay stubs which should be submitted each month with payment.

10. That on or about February 2010, the Plaintiff received the pay-stub booklet containing as the initial pay stub, a first pay stub dated March 2010, and the Plaintiff made the initial payment together with the pay stub on or about March 11, 2010 in the sum of $418.00.

11. That the Defendant received said payment.

12. That in accordance with the next stub in the booklet referencing an April payment of $418.00, Plaintiff sent another payment on or about April 15, 2010 and Defendant received said payment.

13. That on or about May 1, 2010, Plaintiff began receiving calls from Defendant's agent that the account was delinquent and past due.

14. That Plaintiff advised Defendant's agent(s) that a payment had recently been sent out and in response, Plaintiff was advised that it was possible that Defendant had not received the payment yet and would continue calling until the payment was received, but that if a payment had been sent, then Plaintiff was simply to resume payments.

15. That on several occasions during the month of May 2010, Plaintiff continued to discuss the account status with agents of the Defendant who continuously indicated that they could not send anything in writing other than demands for payment and that Plaintiff should wait a few days and continue to call again to see if the payment had cleared, but until that time the account would stay in "default."

16. That no agent of the Defendant could readily explain why the account had been placed in a default status although payments had been received in accordance with the "coupon booklet" provided by the Defendant, and that Defendant continued to demand additional payments together with penalties and threaten Plaintiff's credit report.

17. That on or about June 2, 2010, Plaintiff again spoke to another agent of the Defendant who explained that the account was 90 days past due, even though an April 15, 2010 payment had been received, less than 45 days prior, and indicated that now a balance of $1748.53 was necessary to bring the account current.

18. That Defendant's agent further explained that the payments on the account were required from January and therefore the January and February payments were past due, but

Defendant's agent could not explain why the payments made in March and April were not applied to January and February, an error which caused the account to be in a default status regardless of payments being made.

19. That Defendant's agent further explained that since the January and February payments were not paid, additional late fees and penalties had accrued to the account.

20. That Defendant's agent warned Plaintiff that if payment would not be made immediately to bring the account current, it could result in the adverse and negative reporting of Plaintiff's account.

21. That although Plaintiff disputed the appropriation of the payments, Plaintiff, in reliance on Defendant's statements, paid the entire sum demanded of $1,748.53 on or about June 2, 2010, in an effort to avoid further penalties and negative credit reporting.

22. That despite the payment and the promise that the payment was necessary to prevent adverse reporting of Plaintiff's account, Defendant accepted the payment yet continued to report Plaintiff's account adversely on or about June 9, 2010, at which time, Plaintiff received a notification that his credit report had been modified to reflect the negative reporting by the Defendant.

23. That Plaintiff disputed the reporting with Great Lakes and received written responses that the "pay stubs" in the coupon booklet were not determinative in the application of payments, and therefore, although they had not provided stubs for January 2010 or February 2010 in the booklet, Plaintiff should have been required to make payments during that period, regardless.

24. That although Defendant claims that the pay stubs are irrelevant and therefore does not accept responsibility for failing to provide a "January" stub in the booklet, Defendant could not explain any justification for why it failed to apply the first payment made by Plaintiff, to the first payment that was due, according to its payment schedule, so that default status and penalties could have been avoided.

25. That Plaintiff continued to call and write the Defendant in an effort to clear up the dispute, mend the credit reports, and resume payment, but the Defendant refused to

adhere to any measure of reason and persisted with further demands for payment while holding the Plaintiff hostage with adverse credit reporting tactics.

26. That during the course of these discussions, Defendant's agents indicated that they reviewed their internal notes and agreed that Plaintiff "had a point" stating that someone would be "looking into" the dispute and would get back to Plaintiff, but that in the interim, collection calls would continue since its computer is programmed to do so in an automatic fashion.

27. That on or about September 2010, Plaintiff began receiving calls from the Defendant who deceptively indicated that the account would be "turned over" to an outside collection agency.

28. That concomitant to said calls, Plaintiff began receiving other calls from other agencies regarding repayment of the student loans.

29. That despite these communications, Defendant deceptively persisted with further communications to the Plaintiff, denying that it was a collection agency, stating that it was a "loan servicer" and therefore was not obligated to comply with FDCPA requirements, further stating that it did not and was not going to turn over the account to another agency.

30. That on or about November 8, 2010, Plaintiff spoke with Defendant's agent known as "Kelly" at length regarding the notes and history of Plaintiff's account.

31. That in said communication, Defendant's agent admitted that it seemed like Defendant made a mistake, and stated that Plaintiff "had a point" but further indicated that Defendant could not change or correct the credit reporting it had caused to be reported.

32. That Defendant's agent further advised Plaintiff to communicate directly with the credit reporting agency, Experian, because they would be able to rectify and delete the adverse tradeline.

33. That in reliance of Defendant's representations, Plaintiff disputed the tradeline with Experian.

34. That on or about November 14, 2010, Experian responded to the Plaintiff indicating that the Defendant had "verified" the account and would not correct the account.

35. That despite the representations of Defendant's agents, giving a false hope that various steps by the Plaintiff could remedy the credit status, Defendant persisted with further adverse and negative reporting of the Plaintiff's account during the process of the investigation.

36. That Defendant's system for appropriating payments is deceptive and misleading in that it provides a coupon booklet with payment stubs instructing consumers to make payments in accordance with the stubs, yet the stubs in themselves are deceptively designed to dig the consumer deeper into debt because the stubs are not adhered to by the Defendant, nor do they contain payment instructions sufficient to satisfy payment of the debt.

37. That the payment methodology is further deceptive because although Defendant claims that the stubs are merely a reference and that a consumer should not rely on the stubs for the dates upon which payments are due, the Defendant will apply payments in accordance with the stubs to the detriment of the consumer, so that penalties and defaults in payments accrue.

38. That the statements and representations made by Defendant and its agents are false, deceptive and misleading in that they do not accurately convey the consumer's rights, deny its obligation to comply with consumer law by renaming themselves as "Servicers" instead of "debt collectors" when its sole function is debt collection, and by misleading consumers as to the status of their accounts, while attempting to collect payments by means of duress and coercion.

39. That solely in an effort to harass, Defendant repeatedly and unnecessarily submitted reports to Experian, and/or other credit reporting agencies, that the underlying account was past due.

40. That on November 11, 2010, Defendant reported the account delinquent, twice, and then reported the account delinquent for a third time on November 20, 2011 for the same alleged delinquency.

41. That Defendant caused Plaintiff's credit score to be lowered and caused Plaintiff to be placed into a "medium" risk category.

42. That Defendant then persisted with another double reporting on December 9, 2010 and December 11, 2010 and continued to report Plaintiff's account adversely each month to date.

43. That Defendant failed to report the status of the Plaintiff's account accurately.

44. That Defendant failed to turn Plaintiff's account over to a different agency that would assist with the dispute or assist with remedying the Plaintiff's credit status and held the Plaintiff's account "hostage" for the sole purpose of accruing penalties and causing damage to Plaintiff's credit status in an effort to compel payment by means of duress and harassment.

45. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of making representations which are false, harassing, confusing, misleading, deceptive and/or unfair.

46. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

47. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in that the communications to the Plaintiff by the Defendant were deceptive, misleading and done in furtherance of harassing the Plaintiff to coerce payment of a disputed debt, under duress and harassment.  More specifically:

    a. Defendant has violated 1692d(5) by causing the Plaintiff's phone to ring repeatedly and continuously with intent to annoy, abuse or harass the Plaintiff at the called number;

    b. Defendant has violated 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt;

    c. Defendant has violated 1692e(10) by using false representations and/or deceptive means in an attempt to collect the alleged debt;

   d.  Defendant has violated 1692f by using unfair or unconscionable means to collect
       the alleged debt;

   e.  Defendant has violated 1692g by using misleading and overshadowing language
       in an attempt to collect the alleged debt.

48. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is
    liable to the Plaintiff for statutory damages in an amount to be determined at the time of
    trial but not less that $1,000.00 per violation, plus actual damages and treble damages,
    costs and attorney's fees.


## AS AND FOR A SECOND CAUSE OF ACTION

49. Plaintiff realleges paragraphs 1 through 48 as if fully restated herein.

50. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code
    § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of
    consumer debts.

51. By its acts and practices as hereinabove described, the Defendant has violated the
    Rosenthal Act as follows, without limitation:

   a.  By causing Plaintiff's telephone to ring repeatedly or continuously to annoy
       Plaintiff and by communicating with the Plaintiff with such frequency as to be
       unreasonable and to constitute an harassment to the Plaintiff under the
       circumstances, Defendant has violated §§1788.11 (d) & (e);

   b.  In failing to inform consumers its true identity, Defendant has violated
       §1788.13(a), which prohibits communications with the debtor other than in the
       name of the debt collector or the person on whose behalf the debt collector is
       acting and §1788.13(i), which prohibits the false representation of the true nature
       of the business or services being rendered by the debt collector;

   c.  By making the false representation that the consumer debt may be increased by
       the addition of attorney's fees, investigation fees, service fees, finance charges, or

other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Defendant has violated §1788.13(e);

    d.  By failing to include certain debt collection notices and disclosures required by law.

52. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

53. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

54. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

55. Plaintiff realleges paragraphs 1 through 54 as if fully restated herein.

56. That Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a) and (b) by continuing to report the account to the Plaintiff's credit file with the credit reporting agencies, failing to fully and properly investigate the Plaintiff's dispute of the representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct Defendant's own internal records.

57. That as a result of this conduct, action and inaction of Defendant, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

58. That Defendant's conduct, action and inaction was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

59. That Plaintiff is entitled to recover costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## AS AND FOR A FOURTH CAUSE OF ACTION

60. Plaintiff realleges paragraphs 1 through 59 as if fully restated herein.

61. The California Business and Professions Code §17200, *et seq.*, prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

62. By its acts and practices as hereinabove described, the Defendant has violated the California Business and Professions Code §17200, *et seq.* without limitation:

    a.  That Defendant's conduct is deceptive and misleading in that it provides consumers with a coupon booklet with payment stubs instructing consumers to make payments in accordance therewith, yet the stubs are not adhered to by the Defendant, nor do they contain payment instructions sufficient to satisfy payment of the debt.

    b.  That Defendant's payment methodology is unfair and deceptive because the Defendant will apply payments to the detriment of the consumer, so that penalties and defaults in payments accrue.

    c.  That the statements and representations made by Defendant and its agents are false, deceptive and misleading because the Defendant: 1) does not accurately convey the consumer's rights, 2) represents itself as "servicers" instead of "debt collectors" where its sole function is debt collection, and 3) misinforms consumers as to the status of their accounts, while attempting to collect payments by means of duress and coercion.

      d.  That Defendant unlawfully and unfairly caused penalties to accrue on Plaintiff's account(s) and damage to Plaintiff's credit status in an effort to compel payment by means of duress and harassment.

      e.  That Defendant failed to report the status of the Plaintiff's account accurately.

63. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

64. That consumers are likely to be deceived, and that Plaintiff was in fact deceived, by Defendant's conduct.

65. That Defendant, by engaging the acts hereinabove described, has committed violations under the FDCPA, the FCRA and the California Rosenthal Act and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 *et seq.*

66. That Defendant has been unjustly enriched by committing said acts.

67. That as a result of Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

68. Pursuant to California Business and Professions Code § 17200, *et seq.*, Plaintiff is entitled to recover his actual damages and restitution.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

    (a)    Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

    (b)    Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

    (c)    Statutory damages and actual damages pursuant to 15 U.S.C. §1681o in an amount to be determined at the time of trial on the third cause of action.

1    (d)    Damages and restitution pursuant to the California Business and Professions Code

2    § 17200 et seq. on the fourth cause of action.

3    (e)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and CA Civil

4    Code §1788.30, *et seq.*

5    (f)    For such other and further relief as may be just and proper.

6    (g)    Plaintiff requests trial by jury on all issues so triable.

7

8    Dated: April 30, 2012                                    Jennifer Limbo

9

10

11                                                            Jennifer Limbo, Esq.

12                                                            **Attorney for Plaintiff**
                                                             5455 Wilshire Boulevard., Suite 1812

13                                                            Los Angeles, CA 90036
                                                             Tel 323.937.0400

14                                                            Fax 866.288.9194

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Name & Address:
Jennifer C. Limbo
5455 Wilshire Blvd. Suite 1812
Los Angeles, CA 90036

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AMIR GOLDSTEIN,

PLAINTIFF(S)

v.

GREAT LAKES EDUCATIONAL LOAN SERVICES,
INC. D/B/A EDUCATIONAL LOAN GROUP and
DOES 1 through 10, inclusive,

DEFENDANT(S).

CASE NUMBER

CV12-3793 -JC

**SUMMONS**

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Jennifer C. Limbo _____, whose address is 5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY - 2 2012 _____

By: ___MARILYN DAVIS___ SEAL

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    **SUMMONS**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| AMIR GOLDSTEIN | GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. D/B/A EDUCATIONAL LOAN GROUP and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jennifer C. Limbo 5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036 323. 937.0400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No    □ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 1692 et seq. 15 USC 1681 et seq - violations of the Fair Debt Collection Practices Act ("FDCPA") & the Fair Credit Reporting Act ("FCRA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Fed. Employers' Liability | **BANKRUPTCY** | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 340 Marine | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 810 Selective Service | | □ 355 Motor Vehicle Product Liability | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 443 Housing/Acco- mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 365 Personal Injury- Product Liability | □ 444 Welfare | | **SOCIAL SECURITY** |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 463 Habeas Corpus- Alien Detainee | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

CV12-3793

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wisconsin |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date ___4/30/12___

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |